UNITED STATES DISTRICT COURT                    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   ED CV 15-02336-AB (DTBx) | Date:    November 20, 2015 |

Title:   *Miranda Tucker v. Lowe's Home Centers, LLC et al.*

Present: The Honorable    ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**      **[In Chambers] Order Sua Sponte Remanding Case to State Court**

Invoking diversity jurisdiction, Defendant Lowe's Home Centers, LLC ("Defendant") removed this slip-and-fall case to federal court.   The Court has reviewed the Notice of Removal and the materials attached thereto and finds that Defendant has not established that the amount in controversy exceeds $75,000.   The court therefore sua sponte **REMANDS** this case for lack of subject matter jurisdiciotn.

## I.    LEGAL STANDARD

As courts of limited jurisdiction, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.   *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.   28 U.S.C. § 1441(a).   A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.   28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to

federal court on the basis of diversity jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.   Diversity jurisdiction requires that the parties be in complete diversity and the amount in controversy exceed $75,000.   *See* 28 U.S.C. § 1332.

The amount in controversy is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).   "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"   *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   And while "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiff[]."   *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547, 554 (2014). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."   *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014).

## II.   DISCUSSION

Plaintiff has not filed a motion for remand, but Defendant's assertions are clearly contrary to the complaint, which seeks only $25,000, cost of suit, and the boilerplate "other and future relief as the court deems just and proper."   *See* Compl. P. 3, Dkt. No. 1, Exh. A. Plaintiff also expressly "waive[d] all recoveries in excess of the jurisdiction of this court." Id. ¶ 8.   Plaintiff filed her complaint as a "limited civil" case, meaning the "amount in controversy does not exceed twenty-five thousand dollars."   *See* Cal. Code Civ. Proc. 85(a).

Despite the foregoing, Defendant contends that the amount in controversy exceeds $75,000, but the evidence Defendant submitted does not add up (although some pages are upside down).   *See* Notice of Removal (Dkt. No. 1), Ehx. D.   An October 2015 letter from Plaintiff's attorney enclosing medical and insurance records indicates that Plaintiff's medical expenses were $6,349.   The underlying medical records show that Plaintiff suffered a mild concussion, and mild knee, neck, and back pain, some of which existed

CV-90 (12/02)                      CIVIL MINUTES - GENERAL                Initials of Deputy Clerk CB

2

before the fall.   The most recent medical report, dated June 11, 2015, from Hess Chiropractic, indicates that Plaintiff responded favorably to conservative treatment, and that Plaintiff's residual pain was "minimal in nature."   *Id.*   Although Defendant cites two cases from Louisiana for the proposition that injuries similar to Plaintiff's satisfy the jurisdictional minimum, these cases are simply not persuasive in light of the evidence showing that *this* Plaintiff's actual injuries do not trigger potential damages in excess of $75,000.

## III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established that the amount in controversy exceeds $75,000 exclusive of interest and costs.   Accordingly, the Court **REMANDS** this action to the state court from which it was improvidently removed.

**IT IS SO ORDERED.**